441 P.2d 275

**The ASHTON COMPANY, Inc., Contractors and Engineers, Appellant,**

v.

**CITY OF TUCSON, a municipal corporation, Appellee.**

No. 2 CA–CIV 425.

Court of Appeals of Arizona.

May 27, 1968.

Rehearing Denied June 27, 1968.

Review Denied Sept. 17, 1968.

Hall, Jones, Hannah, Trachta & Birdsall, Tucson, for appellant.

Gordon S. Kipps, formerly Tucson City Attorney and Dino DeConcini, Tucson City Atty., by Dwight E. Eller, Asst. City Atty., for appellee.

Darrell F. Smith, Atty. Gen., by Gary K. Nelson, Asst. Atty. Gen., Phoenix, for Arizona Board of Regents, amicus curiae.

KRUCKER, Judge.

The appellant, the Ashton Company, plaintiff below, between February, 1962, and January, 1964, performed two construction projects for the Board of Regents at the University of Arizona, Tucson. All of the work was on the University campus in Tucson, one project being an education building, and the other, a utility tunnel. The City of Tucson assessed Ashton the sum of $1,184.27 due as a Business Privilege Tax as a result of the gross income to appellant by virtue of these two construction contracts completed by the appellant on the University of Arizona campus. Appellant sought a redetermination of the assessment, which was denied, and paid the tax under protest and instigated action to recover the taxes so paid under protest.

The case was tried to the court without a jury on a partial, agreed statement of facts and upon further evidence submitted at the trial.

Extensive findings of fact and conclusions of law were made in conjunction with a judgment entered March 9, 1967, in favor of the defendant City and against the plaintiff Ashton Company. From that judgment plaintiff appeals.

Both parties agree that the issue before the trial court was whether a municipality, City of Tucson, could impose its Business Privilege Tax on contracts made and fully performed on the campus of the University of Arizona in Tucson.

There was no question raised as to the right of the City of Tucson to enact an ordinance providing for the levy and collection of a Business Privilege Tax. The trial court found that the Arizona Board of Regents owns the land and most of the streets within the main campus area lying wholly inside the territorial boundaries of the City of Tucson, and that the Board of Regents maintains the streets and sidewalks owned by it. The Board of Regents regulates traffic and parking within the campus area, and the University has its own sources of water supply and distribution. City police do not go on the campus unless requested by the University.

A good deal of space in the briefs is devoted to the uncontractual contents concerning the use by the University of City fire protection, collection of refuse and garbage, and like services. We cannot see that these services, while performed by the City without charge, have any bearing on the case before us. In Warren Trading Post Co. v. Arizona State Tax Commission, 380 U.S. 685, 85 S.Ct. 1242, 14 L.Ed.2d 165 (1965), the Supreme Court dealt with an analogous situation reversing Warren Trading Post Co. v. Moore, 95 Ariz. 110, 387 P.2d 809 (1963), dealing with the right of the Arizona State Tax Commission to levy a tax of two percent on sales of gross income of a corporation which does a retail business with Indians on the Arizona part of the Navajo reservation. The case most directly in point with the situation before us is Board of Regents of Universities and State College of Arizona v. City of Tempe, etc., 88 Ariz. 299, 356 P.2d 399 (1960). In that case, the City of Tempe was enjoined from interfering with the University construction program in the City of Tempe requiring various building codes and building, electrical and plumbing permits and license fees paid before construction could commence. Justice Bernstein held that for all intents and purposes, the Board of Regents should be classified as a state agency and only subject to the provisions of the Arizona Constitution, and the enactments of the legislature of the State of Arizona, and citing authorities held:

"The foregoing authorities persuasively support the claimed immunity of the Board of Regents in the instant case. The underlying rationale is that a State agency delegated by law the responsibility of performing a governmental function is not subject to the general police powers of a municipal corporation."

It is further stated:

"The Board of Regents is vested by our Constitution with the 'general conduct and supervision' of the State University (Article XI, Sections 1, 2, 5). By statute the Board has 'jurisdiction and control over the university' and may '[e]nact ordinances for the government of the institutions under its jurisdiction' (A.R.S. §§ 15-724, 15-725). It has also been authorized to undertake specific construction projects at the universities and college (e. g.: Laws 1959, Chapters 114, 115, 116; Laws 1952, Chapters 139, 140; Laws 1949, Chapter 104, as amended, Laws 1958, Chapter 2)."

And:

"The City's suggestion that it is under no duty to furnish sewer, water or fire protection services to the University hardly advances its claim of power over the Board of Regents. Whether the City may withdraw these services

raises issues well beyond the pale of this decision. Nor do we consider of serious import the City's conjecture that the Board's immunity from municipal regulation will increase the fire and health hazards to the residents of the City."

It is not contended that the City of Tucson has sovereign existence of itself and can only exercise its powers based upon the Constitution and statutes of the State.

It is conceded that all of the work was done on the university campus within the physical boundaries of the City and that appellant's place of business is outside the corporate limits of the City of Tucson. If such a tax is allowed to stand under these circumstances, however, the tax would necessarily be passed on by the contractor to the State of Arizona through the Board of Regents. The City would then, in practical effect, be placing a tax on another governmental agency.

The fact that the University gets some benefits from the City is immaterial in the decision of this case. The contention that the tax is applicable only to the contractor is specious; in effect, it is a direct tax on the University, or, in this case, the Board of Regents, which is a governmental agency in the State of Arizona.

We hold that the judgment of the trial court is contrary to the intent of the people of the State as expressed in our Constitution and statutes, and the judgment of the superior court of Pima County is reversed with instructions to enter judgment in favor of appellant.

WILLIAM C. FREY, Superior Court Judge, concurs.

Note: Judge JOHN F. MOLLOY having requested that he be relieved from consideration of this matter, Judge WILLIAM C. FREY was called to sit in his stead and participate in the determination of this decision.

HATHAWAY, Chief Judge (dissenting):

Believing the majority has misapplied the rule from Board of Regents of Universities, Etc. v. City of Tempe, 88 Ariz. 299, 356 P.2d 399 (1960), on which they rely, I respectfully dissent. There, the City sought to directly regulate construction and maintenance of buildings on Arizona State University campus. The court found that the Board of Regents and the City both had constitutional and statutory authority to regulate the construction and maintenance of buildings on the campus, but held that a state agency duly performing a governmental function is not subject to the general police powers of a municipal corporation.

Here, no such interference with the functions of a governmental agency is involved. The business privilege tax is the obligation of the contractor. Arizona State Tax Commission v. Garrett Corporation, 79 Ariz. 389, 291 P.2d 208 (1955). Exemptions are not to be implied, though the burden is passed on to the government. Warren Trading Post Co. v. Moore, 95 Ariz. 110, 387 P.2d 809 (1963), reversed on other grounds by the United States Supreme Court in Warren Trading Post Co. v. Arizona State Tax Commission, 380 U.S. 685, 85 S.Ct. 1242, 14 L.Ed.2d 165 (1965); James v. Dravo Contracting Co., 302 U.S. 134, 58 S.Ct. 208, 82 L.Ed. 155 (1937); Arizona State Tax Commission v. Garrett Corporation, supra.

The judgment should be affirmed.