461 P.2d 503

**The CITY OF TEMPE, a political subdivision of the State of Arizona, Appellant,**

v.

**The ARIZONA BOARD OF REGENTS, Appellee.**

**No. I CA–CIV 821.**

Court of Appeals of Arizona,
Division 1.

Department A.

Dec. 1, 1969.

Rehearing Denied Dec. 31, 1969.

Review Denied Feb. 10, 1970.

David R. Merkel, City Atty., Tempe, for appellant.

Gary K. Nelson, Atty. Gen., Phoenix, for appellee.

J. LaMar Shelley, Mesa, amicus curiae The League of Arizona Cities and Towns.

CAMERON, Judge.

This is an appeal by the City of Tempe from a decision of the trial court which held that the City of Tempe transaction privilege tax was not applicable as to certain activities of the defendant Arizona Board of Regents.

Although appellant and appellee raise other questions, we feel that we are called upon to answer only one question and that is:

> May a municipality, the City of Tempe, Arizona, tax an agency of the State of Arizona, the Arizona Board of Regents, by way of a transaction privilege tax?

The matter was tried to the court without a jury and upon an agreed statement of facts which showed that the plaintiff, City of Tempe, had enacted Ordinance Number 439 providing for a transaction privilege tax in certain categories and activities and had attempted to apply them to certain transactions occurring, in most instances,

on the campus of Arizona State University located within the City of Tempe. The City attempted to hold the Arizona Board of Regents liable for said transaction privilege tax. The trial court held in part, from which the City appeals, as follows:

"3. That the following activities of the Arizona Board of Regents are incidental to educational purposes, and, as such, are not subject to City of Tempe Ordinance No. 439, namely:

i) Operation of residence halls and fraternity houses.

ii) Sales of meals to residents of the residence halls.

iii) Use of Grady Gammage Auditorium by persons or organizations not connected with Arizona State University.

iv) Sales by the book store to students and faculty members.

v) Sales by the audio visual center to students and faculty members for an educational purpose."

■ It is the contention of the appellee, Arizona Board of Regents, that the Board of Regents is an agency of the State of Arizona and is exempt from this tax because the State cannot be taxed by a substate agency without the State's consent. With this proposition we agree. The Arizona Board of Regents, the governing body of Arizona State University (A.R.S. § 15–721 et seq.) is a State agency. State of Arizona v. Miser, 50 Ariz. 244, 72 P.2d 408 (1937).

■ The City of Tempe is a political subdivision of the State of Arizona and has "no greater powers than those delegated to [it] by the constitution and the general laws of the state * * *." City of Scottsdale v. Superior Court, 103 Ariz. 204, 205, 439 P.2d 290, 291 (1968); State of Arizona v. Miser, supra; Clayton v. State, 38 Ariz. 135, 297 P. 1037, 38 Ariz. 466, 300 P. 1010 (1931), A.R.S. §§ 38–741(9) and 38–701 (5). A political subdivision may not tax its sovereign without the consent of the sovereign:

"That the power to tax involves the power to destroy; that the power to destroy may defeat and render useless the power to create; that there is a plain repugnance, in conferring on one government a power to control the constitutional measures of another, which other, with respect to those very measures, is declared to be supreme over that which exerts the control, are propositions not to be denied. * * *" McCulloch v. Maryland, 17 U.S. (4 Wheat.) 316, 4 L. Ed. 579 (1819).

We recently discussed this problem as follows:

" * * * If such a tax is allowed to stand under these circumstances, however, the tax would necessarily be passed on by the contractor to the State of Arizona through the Board of Regents. The City would then, in practical effect, be placing a tax on another governmental agency.

"The fact that the University gets some benefit from the City is immaterial in the decision of this case. The contention that the tax is applicable only to the contractor is specious; in effect, it is a direct tax on the University, or, in this case, the Board of Regents, which is a governmental agency in the State of Arizona." Ashton Company v. City of Tucson, 7 Ariz.App. 509, 511, 441 P.2d 275, 277 (1968).

Our Supreme Court has stated:

"We hold that the City of Tempe may not apply its building codes and regulations to Arizona State University." Board of Regents of Universities, Etc. v. City of Tempe, 88 Ariz. 299, 312, 356 P.2d 399, 407 (1960).

■ We therefore hold that the City of Tempe may not tax the Arizona Board of Regents. We do not express an opinion as to whether the City of Tempe may impose a transaction privilege tax on those businesses located upon the campus of Arizona State University which are not conducted by the Arizona Board of Regents. We are concerned only with whether the

City of Tempe may tax the Arizona Board of Regents without specific constitutional and legislative power to do so. We hold that they may not.

Judgment affirmed.

DONOFRIO, P. J., and STEVENS, J., concur.