480 P.2d 18

**CITY OF TEMPE, a municipal corporation, Appellant,**

**v.**

**DEL E. WEBB CORPORATION, an Arizona Corporation, Appellee.**

**1 CA–CIV 1293.**

Court of Appeals of Arizona, Division 1.

Jan. 25, 1971.

Review Denied April 20, 1971.

David R. Merkel, City Atty., Temple, for appellant.

Allen, McClennen & Fels, by Louis McClennen, Phoenix, for appellee.

HOWARD, Judge.

During 1966 and 1967, appellee (hereinafter referred to as Webb) entered into contracts with the Arizona Board of Regents for the construction of certain buildings on the campus of Arizona State University in Tempe, Arizona. Appellant

(hereinafter referred to as City) assessed Webb for the Transaction Privilege Tax on payments made by the Board of Regents to Webb. The taxes were paid by Webb under protest which thereupon instituted this action for their recovery.

The case was tried to the court without a jury on an agreed statement of facts, pursuant to rule 52(c), Rules of Civil Procedure, 16 A.R.S. The stipulated issues presented to the court for determination were:

(1) Can the defendant [City] impose its Transaction Privilege Tax on contract activities performed on the campus of Arizona State University, or is this an invalid and unconstitutional attempt to (a) regulate the construction activities on the campus of Arizona State University, (b) impose a tax on the State of Arizona acting through its Board of Regents, and (c) is Arizona State University a part of the City of Tempe, or merely an enclave surrounded by the City of Tempe?

(2) Did the City of Tempe take the steps necessary to validly and legally adopt said Ordinance No. 439?

The court concluded that it was unnecessary to resolve the second issue since its determination of the first issue in favor of Webb was dispositive. It concluded that the cases of Ashton Company v. City of Tucson, 7 Ariz.App. 509, 441 P.2d 275 (1968) and Board of Regents of Universities and State College v. City of Tempe, 88 Ariz. 299, 356 P.2d 399 (1960) were controlling, i. e. to permit such a tax to stand would be an invalid and unconstitutional regulation of construction activities on the campus of Arizona State University and would have a practical effect of placing a tax on the State of Arizona, acting through its Board of Regents. Judgment was therefore ordered in favor of Webb in the amount of taxes paid plus interest thereon.

No question was raised as to the right of the City to enact an ordinance providing for the levy and collection of a transaction privilege tax. The parties are agreed that

except as to locale, parties, and amounts of taxes involved, the facts of this case are identical to those in *Ashton,* supra. The trial court, therefore, was required to adhere to the principles enunciated therein. In *Ashton,* supra, the majority of this court stated:

"If such a tax is allowed to stand under these circumstances, however, the tax would necessarily be passed on by the contractor to the State of Arizona through the Board of Regents. The City would then, in practical effect, be placing a tax on another governmental agency. The contention that the tax is applicable only to the contractor is specious; in effect, it is a direct tax on the University, or, in this case, the Board of Regents, which is a governmental agency in the State of Arizona." 7 Ariz.App. at 511, 441 P.2d at 277.

■ Adherence to precedent is the rule and not the exception. However, where no property rights have become vested in reliance upon the old rule, we do not hesitate to reconsider the correctness of our former decision, particularly when it was decided by a divided court. City of Glendale v. White, 67 Ariz. 231, 194 P.2d 435 (1948).

We have re-examined the plethora of cases cited to us by the respective parties to this appeal and are inclined to agree with the dissenting judge in *Ashton,* supra. He was of the opinion, and we believe correctly so, that the case of Board of Regents v. City of Tempe, supra, is inapposite in the instant situation. In that case, the Arizona Supreme Court held that a state agency such as the Board of Regents, while performing its governmental functions, was not subject to control or supervision by a municipality within whose corporate limits the state agency was acting.

■ We agree that the Board of Regents is a state agency and therefore exempt from taxation. City of Tempe v. Arizona Board of Regents, 11 Ariz.App. 24, 461 P.2d 503 (1969). Here, however, we

find neither interference with the functions of a state agency nor imposition of a tax on it. The test which is applied in ascertaining whether a tax offends is the "legal incidence" test.[1] United States v. Boyd, 378 U.S. 39, 84 S.Ct. 1518, 12 L.Ed. 2d 713 (1964); Alabama v. King & Boozer, 314 U.S. 1, 62 S.Ct. 43, 86 L.Ed. 3 (1941); James v. Dravo Contracting Co., 302 U.S. 134, 58 S.Ct. 208, 82 L.Ed. 155 (1937); Thiokol Chemical Corporation v. Peterson, 15 Utah 2d 355, 393 P.2d 391 (1964); Arizona State Tax Commission v. Garrett Corporation, 79 Ariz. 389, 291 P.2d 208 (1955); Federal Reserve Bank of Chicago v. Department of Revenue, 339 Mich. 587, 64 N.W.2d 639 (1954).

In *Ashton,* supra, it was successfully argued that the tax imposed upon the contractor would necessarily be passed on by him to the State of Arizona through the Board of Regents. The same argument is once again advanced here and we find, contrary to our prior holding, that it does not matter that the financial burden ultimately falls on the State. Arizona State Tax Commission v. Garrett Corporation, supra; Chrysler Corporation v. Township of Sterling, 410 F.2d 62 (6th Cir. 1969); Board of Assessors v. Avco Corporation, 260 N.E.2d 179 (Mass.1970); Sproul v. Gilbert, 226 Or. 392, 359 P.2d 543 (1961); Timm Aircraft Corporation v. Byram, 34 Cal.2d 632, 213 P.2d 715 (1950).

Furthermore, we are of the opinion that the rationale of *Ashton* is completely antithetic to the pronouncement of our Arizona Supreme Court in Arizona State Commission v. Garrett Corporation, supra, wherein the court, indulging in the as-

sumption that the economic burden of the tax was upon the United States, stated:

"Regardless of where the burden rests, the decisive test under the class of taxing Acts [Business Privilege Tax] now under consideration is where does the legal incidence of the tax fall." 79 Ariz. at 395, 291 P.2d at 212.

Nor does the State's express assumption of a contract obligation to pay the taxes assessed against Webb operate to create an immunity. Alabama v. King & Boozer, supra; E. I. Dupont De Nemours & Company v. State, 44 Wash.2d 339, 267 P.2d 667 (1954).

Webb, in defense of the judgment below, argues that *Ashton,* supra, is controlling in view of the fact that the Arizona Supreme Court declined to accept review of this court's decision. While we agree that due weight must be accorded our Supreme Court's denial of review in Ashton, Hobbs v. Northeast Sacramento County Sanitation District, 240 Cal.App.2d 552, 49 Cal. Rptr. 606 (1966), we do not agree with Webb that such denial is tantamount to affirmance. N.L.R.B. v. Lannom Manufacturing Co., 243 F.2d 304 (6th Cir. 1957); Application of Thompson, 157 F.Supp. 93 (E.D.Pa.1957).

◼ Since judicial surgery is appropriate to excise a palpably wrong decision, we expressly overrule Ashton Company v. City of Tucson, supra, and hold that a municipality may impose a transaction privilege tax on an independent contractor, such as Webb, notwithstanding the construction contracts were with a state agency for construction to be performed on the campus of a state university located within the municipality.[2]

---

1. The parties hereto agreed that Webb bore the legal incidence of the subject tax.

2. We are cognizant of the decision of the U. S. Supreme Court in Warren Trading Post Co. v. Arizona State Tax Commission, 380 U.S. 685, 85 S.Ct. 1242, 14 L.Ed.2d 165 (1965) wherein the court held that a state tax of 2% could not be levied on the gross proceeds of sales, or gross income of a corporation which

did a retail trading business with Indians on the Arizona part of the Navajo Indian Reservation. We do not believe that the *Warren* decision is controlling here since it was predicated on the doctrine of preemption:

" * * * These apparently all-inclusive regulations [of those trading with Indians] and the statutes authorizing them would seem in themselves suffi-

As noted above, this action was submitted to the court on an agreed statement of facts and issues. In its complaint, Webb alleged that the subject ordinance was invalid and of no force and effect for the reason that it was adopted contrary to the provisions of Article 5, Section 5.02 of the City Charter of the City of Tempe. One of the "stipulated issues" was whether the City took the steps necessary to validly and legally adopt the ordinance. The parties stipulated that Article 5, Section 5.02 of the City Charter provides as follows:

"No transaction privilege tax (sales tax) shall be imposed without approval by a majority of the qualified electors voting at an election for such purpose."

The parties further stipulated:

III. "On or about September 21, 1965, at a special election, an 'Advisory Proposal Question Pertaining to the Creation of a Sales Tax (transaction privilege tax) within the City of Tempe' was referred to the voters on official ballots, the same as that attached hereto as Exhibit 'A' and by this reference made a part hereof as though fully set forth herein. The proposal was passed by the electorate.

IV. "On or about October 28, 1965, the City Council of the City of Tempe, pursuant to the special election referred to in Paragraph III above, voted to adopt 'Sales Tax Ordinance #439' (transaction privilege tax), to become effective November 1, 1965. During the period involved in this action, this Ordinance was not submitted to the qualified electors of the City of Tempe and the provisions of A.R.S. § 19–123 through § 19–144 inclusive, were not complied with. This Sales Tax Ordinance No. 439 is the Ordinance that the City of Tempe relied on in imposing its transaction privilege tax on Plaintiff for the construction activities set forth in Paragraph VI below."

The trial court found it unnecessary to dispose of the issue of the ordinance's validity. However, in view of our overruling *Ashton,* supra, we must reverse the trial court's conclusion that imposition of the subject tax is impermissible under the circumstances of this case.

■ No useful purpose would be accomplished by remanding this case for resolution of the second issue. Since the case was submitted on agreed facts, judgment must be rendered solely on the basis of those facts. Clayton v. Communications Capital Corporation, 7 Ariz.App. 449, 440 P.2d 330 (1968). Appellate courts are not bound by the trial court's legal conclusions, In re Daley's Estate, 6 Ariz.App. 443, 433 P.2d 296 (1967); Miller v. Boeger, 1 Ariz. App. 554, 405 P.2d 573 (1965), so we address ourselves to the substantive question of law submitted to the trial court, i. e. the validity of the enactment.

■■ The parties, in their agreed statement, admitted the passage of the subject ordinance and that the electorate, prior to its enactment, had approved the imposition of a transaction privilege tax, as mandated by the City Charter. Absent a showing to the contrary, we indulge in the presumption that an ordinance has been properly passed. 6 McQuillin Municipal Corporations § 20.06 and § 22.34. It is true the parties agreed that the ordinance was not submitted to the electorate for approval and that the mode of procedure delineated in A.R.S. § 19–123 through § 19–144 had not been followed. In the case of City of Scottsdale v. Superior Court, 103 Ariz. 204, 439 P.2d 290 (1968), the Arizona Supreme Court held that under the provisions of the Arizona Constitution and the general laws of this state, the voluntary submission of an ordinance by the legislative body of a municipality to a special vote of the people, in the absence of a referendum petition therefor, is wholly dehors the authority and delegated powers of such body.

cient to show that Congress has taken the business of Indian trading on reservations so fully in hand that no room

remains for state laws imposing additional burdens upon traders." 85 S.Ct. at 1245.

Since no referendum petition was filed, submission of Ordinance No. 439 to the electorate in accordance with the statutorily prescribed procedure was not required.

We do not construe the charter provision set forth above as mandating the submission of the *ordinance* to a special vote of the people in the absence of a referendum petition. The charter provision mandates nothing more than electorate approval of *imposition* of a transaction privilege tax. Since the agreed facts point up no flaw in the enactment of the ordinance, as to which Webb had the burden of proof, the presumption of its validity remains.

Judgment reversed with directions to enter judgment in favor of the City in accordance herewith.

KRUCKER, C. J., and HATHAWAY, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.