**The UNIVERSITY OF UTAH, a body corporate and politic, Plaintiff and Appellant,**

v.

**SALT LAKE COUNTY and Picker X-Ray, a New York Corporation, Defendants and Respondents.**

No. 14190.

Supreme Court of Utah.

March 16, 1976.

1. 36 Utah 108, 103 P. 1076.

Vernon B. Romney, Atty. Gen., Thomas C. Anderson, Asst. Atty. Gen., Salt Lake City, for plaintiff-appellant.

R. Paul Van Dam, Salt Lake County Atty., Bill Thomas Peters, Special Deputy County Atty., Salt Lake City, for S. L. County.

Jack L. Schoenhals, Salt Lake City, for Picker X-Ray.

CROCKETT, Justice:

Plaintiff, University of Utah, sought a ruling that certain equipment it had leased from Picker X-Ray Company is exempt from being taxed by defendant, Salt Lake County. Its argument is that because it obtained this property under a five-year lease, with an option to purchase, coupled with the facts that it has the possession and use of the property, and that it has agreed to pay the taxes thereon, such leased property should be considered property of the University. From a summary judgment rejecting plaintiff's contention it appeals.

The lease provided that the equipment would be possessed and used by the University for a period of five years at a rental to be paid each month for the sixty months; that the title would remain in the lessor and at the end of the lease would be returned in good condition, reasonable wear and tear excepted; that in addition to the rental, the lessee, University of Utah, would pay all taxes, or reimburse the lessor for any taxes levied or assessed and paid by the lessor.

The trial court correctly ruled that because of the terms of the lease the University was obliged to pay Picker X-Ray the amount of taxes assessed and paid on the equipment. That ruling is not involved in this appeal.

Pertinent to the problem here presented is Article XIII, Section 2, of the Utah Constitution which states in part:

> . . . The property of the state, counties, cities, towns, school districts, municipal corporations and public libraries, . . . shall be exempt from taxation . . .

This is implemented by Section 53–48–18, U.C.A.1953:

> *The property of the institutions* governed by the board [of Higher Education] shall be exempt from all taxes and assessments.

Defendant County concedes the fact that the University of Utah is a constitutionally created institution of the State [1] whose property is exempt from taxation.

The University argues that the phrase "property *of* the institutions" is different

1. Sec. 4, Art. X, Const. of Utah.

from saying "property *owned by* the institutions"; and from this proceeds to the hypothesis that because the leased equipment is in the possession and use of the University under the lease; and that the University has agreed to pay the lessor the taxes thereon, the equipment should be considered in practical. effect to be the "property of the institution" (the University) and exempt from taxation under the constitutional and statutory provisions quoted above.

The case of *Thiokol Chemical Corporation v. Peterson* [2] is cited in support of the position of plaintiff University. Therein it was held proper to impose a tax upon property used by the plaintiff corporation though the title was in the United States. It is urged this supports the principle that the property, rather than upon the basis of the realities of the possession and use of the property, rather than upon the basis of the legal title. It will be noted that that case was governed by Section 59–13–73, U.C.A. 1953, the pertinent portion of which is:

> From and after the effective date of this act there is imposed and there shall be collected *a tax upon the possession or other beneficial use* enjoyed by any *private individual,* association, or corporation of any property, real or personal, which for any reason is exempt from taxation, *when such property is used in connection with a business conducted for profit,* . . .

Neither the case cited, nor the statute quoted, has application here. The University is not a "private individual" nor is the property "used in connection with a business conducted for profit." [3]

2.   15 Utah 2d 355, 393 P.2d 391.

3.   See also *Broadway and Fourth Avenue Realty Company v. Louisville,* 303 Ky. 202, 197 S.W.2d 238; *Mitchell Aero, Inc. v. Milwaukee,* 42 Wis.2d 656, 168 N.W.2d 183.

A case whose facts make it analogous in principle to the instant one is *Hoover Equipment Company v. Board of Tax Roll Corrections of Adair County.* [4] There the plaintiff had leased road building and maintenance equipment to counties. It challenged the tax assessment on the ground that the counties were in practical effect the owners of the property. Under a constitutional provision similar to our own the court reasoned that the exemption of "all property *of* the counties" means that the property must be owned by the county. We agree with that reasoning.

The University has no right in the property other than as a lessee. At the end of the five-year period, it can decide to purchase the property or not according to its then needs and desires. In view of the fact that the lease expressly provides that title to the property shall remain in the Picker X-Ray Company, the taxes are assessable against that company, and in case of nonpayment of taxes, it is the ownership interest of that company that would be forfeited and sold. It is our opinion that under the type of lease arrangement described the University has no taxable ownership in the property; and that neither by the lease of the equipment, nor by its express agreement to pay the taxes thereof,[5] did it extend its exempt status to the equipment. (All emphasis added.)

Affirmed. No costs awarded.

HENRIOD, C. J., and ELLETT, TUCKETT and MAUGHAN, JJ., concur.

4.   436 P.2d 645 (Okl.1967).

5.   See *City of Tempe v. Del Webb Corporation,* 13 Ariz.App. 597, 480 P.2d 18.