**SALT LAKE COUNTY, a body politic, By and Through the BOARD OF EQUALIZATION OF SALT LAKE COUNTY, State of Utah, Petitioner,**

v.

**TAX COMMISSION OF THE STATE of UTAH ex rel. UTAH TRANSIT AUTHORITY, Respondent.**

No. 860217.

Supreme Court of Utah.

Sept. 8, 1989.

Theodore Cannon, Bill Thomas Peters, Salt Lake City, for petitioner.

William D. Oswald, G. Blaine Davis, Salt Lake City, for Utah Transit Authority.

David L. Wilkinson, Lee Dever, Salt Lake City, for Tax Com'n of State of Utah.

ZIMMERMAN, Justice:

Salt Lake County ("the County") seeks a writ of review from a decision of the Utah State Tax Commission ("the Commission") overturning a ruling of the Salt Lake County Board of Equalization and holding that the Utah Transit Authority ("the UTA") is entitled to an exemption from ad valorem property taxes under the provisions of article XIII, section 2 of the Utah Constitution. We affirm the grant of the exemption.

In October of 1978, the UTA purchased approximately one hundred ten acres of property in Salt Lake County and built a bus terminal, administrative offices, and garage, support, and bus washing facilities on forty acres of the parcel. The remaining seventy acres were left vacant, although sewer facilities were installed for the additional acreage. These seventy acres have not been actively put to any use in the intervening years. In 1981, the Salt Lake County Commission, sitting as the Salt Lake County Board of Equalization, placed the UTA's one hundred ten acres on the tax rolls and granted the UTA an exemption for the forty acres upon which the facilities were constructed, but denied an exemption for the vacant seventy acres.

The Board of Equalization reasoned that under section 11–20–55 of the Code, the UTA was entitled to an exemption on only as much of its property as is actually "used" for transportation purposes and the seventy acres were not so used. *See* Utah Code Ann. § 11–20–55 (1986) (amended 1988).

The UTA first challenged the tax assessment on the seventy acres in October of 1981, renewing that challenge for the years 1982, 1983, and 1984. The parties stipulated before the Commission that its ruling on the challenge would apply to the tax years of 1982, 1983, and 1984. In April of 1986, the Commission held that the UTA was a "special district," as that term is used in article XIII, section 2 of the Utah Constitution, and accordingly, that all its property, including the seventy acres, is exempt from taxation, without regard for the terms of section 11–20–55 of the Code. The County sought direct review in this Court. *See* Utah Code Ann. § 78–2–2 (Supp.1988).

█ We first look to the Utah Constitution to determine the exemption granted the UTA. Prior to 1983, article XIII, section 2 of the Utah Constitution provided in pertinent part, "The property of the state, counties, cities, towns, school districts, *municipal corporations* ... shall be exempt from taxation." (Emphasis added.) A change was approved at the general election in November 1982 and became effective January 1, 1983. With the change, the section states in pertinent part that "[t]he property of counties, cities, towns, *special districts, and all other political subdivisions of the state*" is exempt from property tax. Utah Const. art. XIII, § 2(2)(b) (emphasis added). The constitutional exemption from property taxes contained in article XIII, section 2 is determined solely by the property owner's status. If the owner of a piece of property is the state or a county, city, town, school district, or "municipal corporation" (before 1983) or a county, city, town, "special district" or "other political subdivision of the state" (after 1983), the property qualifies for the exemption. *See Great Salt Lake Minerals & Chems. Corp. v. State Tax Comm'n*, 573 P.2d 337, 339 (Utah 1977) (property of state exempt from taxation but does not include improvements made by lessor of state land); *University of Utah v. Salt Lake County*, 547 P.2d 207, 208–09 (Utah 1976) (property of state exempt from taxation but does not include leased property).

The County does not dispute the applicability of article XIII, section 2 to UTA property, accepting the Commission's conclusion that the UTA is an entity entitled to an exemption under article XIII, section 2 of the Utah Constitution; we therefore do not review that determination. Although the County does not dispute the applicability of article XIII, section 2 of the Utah Constitution, it contends that the pre–1983

constitutional exemption from property taxation for a "municipal corporation" and exemption from 1983 on for a "special district" is not absolute but was modified by the legislature when it enacted section 11–20–55 of the Code. Utah Code Ann. § 11–20–55 (1986). Under section 11–20–55 of the Code, whether property is exempt from taxation depends not only on the status of the property's owner, but also on the use to which the property is put. The County then reasons that because the seventy acres are not being *used* for transportation purposes, the property is not eligible for the exemption.

 The County is correct that section 11–20–55 purports to limit the availability of a property tax exemption for the UTA to property actually used for transportation purposes. That section provides:

> Title to all property acquired under the provisions of this act shall immediately and by operation of law vest in the transit district, in its corporate name, and is hereby dedicated and set apart for the purposes set forth in this act and shall be exempt from all taxation, including sales and use taxes, provided that such tax exemption shall not apply to property not *used solely for transportation purposes or directly connected therewith.*

Utah Code Ann. § 11–20–55 (1986) (emphasis added). However, we reject the County's argument that section 11–20–55 can limit the availability of the article XIII, section 2 exemption to property actively used for transportation purposes. The legislature cannot narrow or otherwise alter a constitutional provision by legislation. *See, e.g., Utah County v. Intermountain Health Care, Inc.,* 709 P.2d 265, 268 (Utah 1985). Therefore, it cannot change the exemption in article XIII, section 2 from one based on status of land ownership to one based on the use to which land is put. To the extent that section 11–20–55 might be applied to accomplish this end, such an application would be unconstitutional.[1] On

the facts of the present case, however, we find no conflict between section 11–20–55 and article XIII, section 2. We conclude that the seventy acres in question are "used solely for transportation purposes or [are] directly connected therewith," inasmuch as they are held for future expansion.

We affirm the Commission's determination that the seventy acres are exempt from taxation pursuant to article XIII, section 2 of the Constitution.

HALL, C.J., HOWE, Associate C.J., and STEWART and DURHAM, JJ., concur.

---

**1.** It is worth noting that any conflict there may have been between the statute and the constitution has been alleviated by the 1988 amendment to section 11–20–55, effective April 25, 1988, which deleted from that section the clause "pro- vid[ing] that such tax exemption shall not apply to property not used solely for transportation purposes or directly connected therewith." Utah Code Ann. § 11–20–55 (Supp.1989).