**BOARD OF EQUALIZATION OF SALT LAKE COUNTY, State of Utah, Petitioner,**

v.

**FIRST SECURITY LEASING COMPANY and Utah State Tax Commission, Respondents.**

No. 930229.

Supreme Court of Utah.

Aug. 31, 1994.

Jan Graham, Atty. Gen. and Kelly W. Wright, Asst. Atty. Gen., Salt Lake City, for Utah State Tax Com'n.

David E. Yocom and Mary Ellen Sloan, Salt Lake City, for Bd. of Equalization.

Kevan Eyre and Brad Morris, Salt Lake City, for First Sec. Leasing Co.

STEWART, Associate Chief Justice:

This case is before this Court on a petition to review a decision of the Utah State Tax Commission. The Commission held that the Salt Lake County Assessor could not assess First Security Leasing Company (FSLC) personal property tax on equipment that FSLC sold to others and was subject to security interests, in the form of a lease, in favor of FSLC. The Commission ruled that FSLC was a secured creditor, not the owner of the equipment, for the purpose of assess-

ing personal property taxes under Utah Code Ann. § 59–2–303(1). We affirm.

Section 59–2–303(1) requires county assessors to assess personal property tax to "the owner, claimant of record, or occupant in possession or control" of property. The Code does not define the term "owner" as it is used in § 59–2–303(1).

For the tax year 1991, the Salt Lake County Assessor assessed FSLC personal property tax on a number of pieces of equipment that FSLC had sold to various vendees. The financing of the sales was accomplished by "leases," with FSLC shown as the "lessor" and the vendee as the "lessee." FSLC appealed the assessment to the County Board of Equalization, and the Board affirmed. FSLC then requested that the Utah State Tax Commission prevent the County from collecting the personal property taxes on the equipment.

After an evidentiary hearing, the Commission ruled that FSLC was a vendor and that the transactions, although formally designated as "leases," were in fact installment sales contracts and the leases were actually security agreements. For that reason, the Commission refused to apply *University of Utah v. Salt Lake County*, 547 P.2d 207 (Utah 1976), which held that where the lessor retained ownership of personal property the lessor/owner could be assessed property tax. The Commission also overruled its earlier decision in *ITT Commercial Financial Corp. v. County Board of Equalization*, App. No. 88–1576 (Utah State Tax Comm'n June 6, 1990), which allowed assessment of property tax to the nominal lessor with respect to transactions that were indistinguishable from the instant transactions. Accordingly, the Commission reversed the Board's decision assessing FSLC as owner of the equipment.

On this appeal, the County does not challenge the Commission's factual findings that FSLC was a secured party within the terms of the Uniform Commercial Code, Utah Code Ann. § 70A–1–201(37) (Supp.1993), but it does challenge the Commission's use of the UCC as the basis for its determination. Finally, the County asserts that the Commission did not state a reasonable basis for overruling its decision in *ITT Commercial,* and that its factual findings were insufficient to allow meaningful appellate review.

■ The County asserts that under the express terms of FSLC's leases, FSLC is the owner of the equipment and that the Commission therefore erred when it refused to apply *University of Utah v. Salt Lake County,* 547 P.2d 207 (Utah 1976). The County would, of course, be correct if the transactions in this case were "true leases," meaning that the lessor was the owner, but the Commission found that the transactions were not.

In our view, the Commission was entitled to look to the essence of the transaction, irrespective of the legal form in which the parties to a transaction cast it. Utah Code Ann. § 70A–1–201(37) (Supp.1993) ("Whether a lease is intended as security is to be determined by the facts of each case...."); *Centurian Corp. v. Cripps,* 624 P.2d 706, 708–09 (Utah 1981); *see also LMV Leasing, Inc. v. Conlin,* 805 P.2d 189, 194 (Utah Ct.App.1991) ("In determining the nature of an agreement purporting to be a true lease, courts must look behind the form of an agreement to determine whether it is, in fact, a sales agreement with a reservation of a security interest in the vendor."). Under the Commission's findings and conclusions of law, the essence of the transactions here was a purchase-sale arrangement with the lease constituting a security agreement.

■ *University of Utah* does not apply. There, a true lease was at issue and therefore property tax was assessed to the lessor. Significantly, *University of Utah* cited *Hoover Equipment Co. v. Board of Tax Roll Corrections,* 436 P.2d 645 (Okla.1967), where the court discussed the distinction between true leases and leases used as security agreements for sales of personal property:

> It seems to be admitted by the [taxing entity] that if the county, by entering into the contract and assuming dominion over the equipment, *becomes legally obligated to pay the purchase price therefor, then the fact that legal title was retained by the lessor during the pendency of the contract could not prevent the property from becoming "owned" by the county for the purposes of taxation.*

*Id.* at 648–49 (emphasis added). Because true leasing arrangements and financing agreements using lease terminology are in their essential nature different types of legal and commercial transactions, the Commission did not err in refusing to apply *University of Utah* to the facts of this case.

The County asserts that the Commission erred as a matter of law in relying on the definition of "security interest" in the UCC, Utah Code Ann. § 70A–1–201(37) (Supp. 1993), rather than using the "incidents of ownership" test set forth in *Interwest Aviation v. Board of Equalization,* 743 P.2d 1222 (Utah 1987), to determine ownership for assessment purposes. In *Interwest,* the Court applied the "incidents of ownership" test to decide whether a lessee of government-owned real property was immune from taxation for a building built on government-owned, tax-exempt land. The Court held that the issue should be decided on the purpose of the tax exemption, not on the meaning of the term "owner" in § 59–2–303(1). That case is not applicable here because the seller/lessor and the buyer/lessee are private entities and cannot avail themselves of the governmental property tax exemption.[1]

The Commission did not err when it used the UCC to determine the status of FSLC in this case. The Commission examined the economic realities of the transaction and determined that FSLC was merely a secured party, not the "owner" of the equipment. A secured party is not the same as an owner and under the plain terms of the statute cannot be assessed personal property tax.

The UCC gives specific instances in which a security interest is always created. *See* Utah Code Ann. § 70A–1–201(37)(b)(i)–(iv). Under these factual situations, no further analysis is required. For example, as in this case, a transaction creates a security interest where the lease is "not subject to termination by the lessee," and the lessee is bound to become the owner of the [property]." § 70A–1–102(37)(b)(ii). In closer cases, "[b]ecause it would be an intolerable burden otherwise to consider each contract, fixing the relationship of lessor-lessee ... the As-sessor may assess one in possession or control of the property or the owner." *Sacramento County v. Assessment Appeals Bd. No. 2,* 32 Cal.App.3d 654, 108 Cal.Rptr. 434, 442 (1973). As a result, the County may require taxpayers to list in their tax affidavits property which they merely possess.

The County asserts that the doctrine of administrative stare decisis required the Commission to follow its decision in *ITT Commercial Financial Corp. v. County Board of Equalization,* App. No. 88–1576 (Utah State Tax Comm'n June 6, 1990). *ITT* held that a county assessor could assess personal property tax to the "lessor" of equipment in transactions like the ones here by construing *University of Utah* to require that result.

In *Salt Lake Citizens Congress v. Mountain States Tel. & Tel. Co.,* 846 P.2d 1245 (Utah 1992), the Court held that rules of law developed in agency adjudications are binding in future cases until those legal principles are changed by statute, rule, or agency decision. *Id.* at 1253. Thus, administrative agencies have power to overrule prior decisions as long as there is a reasonable basis for doing so. *Id.*

Here, the Commission expressly overruled *ITT.* After reexamining the issue, the Commission concluded that *ITT*'s reliance on *University of Utah* was misplaced because that case was limited to "true leases" and did not address lease agreements that create security interests. In short, the Commission had a reasonable basis for overruling its prior decision.

Finally, the County argues that the Commission failed to make adequate findings to support its order and allow for meaningful appellate review. *Acton v. Deliran,* 737 P.2d 996, 999 (Utah 1987); *see also Adams v. Board of Review,* 821 P.2d 1, 5 (Utah Ct.App. 1991). The argument has no merit. The County did not challenge the Commission's finding that FSLC was a secured party under the UCC definition; it simply contended that the Commission should not have used the UCC in its analysis. That is a legal

---

1. We note that chapter 9 of the UCC does not apply to real property. Utah Code Ann. § 70A–9–102. Therefore, the UCC was inapplicable in *Interwest.*

issue, for which detailed factual findings are not necessary.

FSLC's request for damages and costs is denied.

Affirmed.

ZIMMERMAN, C.J., and HOWE, DURHAM and RUSSON, JJ., concur.