IN THE

# SUPREME COURT OF THE STATE OF UTAH

DURBANO PROPERTIES, LC,
*Petitioner*,

*v.*

UTAH STATE TAX COMMISSION,
*Respondent*.

No. 20210594
Heard October 5, 2022
Filed May 4, 2023

On Petition for Review of Agency Decision

Attorneys:

Douglas M. Durbano, Richard A. Bednar, Layton, for petitioners

Sean D. Reyes, Att'y Gen., Sarah Goldberg, Asst. Solic. Gen.,
Salt Lake City, for respondents

JUSTICE HAGEN authored the opinion of the Court, in which
CHIEF JUSTICE DURRANT, ASSOCIATE CHIEF JUSTICE PEARCE,
JUSTICE PETERSEN, and JUSTICE POHLMAN joined.

JUSTICE HAGEN, opinion of the Court:

## INTRODUCTION

¶1 The Utah Constitution allows the legislature to enact a property tax exemption of "up to 45% of the fair market value of residential property, as defined by statute." UTAH CONST. art. XIII, § 3(2)(a)(iv). The legislature chose to enact such an exemption but limited the definition of "residential property" to "any property used for residential purposes as a primary residence." UTAH CODE § 59-2-102(34)(a).

¶2 For several years, Durbano Properties, LC received that exemption for a rental property it owned in Washington County. But in 2018, the County denied the exemption because it determined that the property was not being used as a primary residence. When the exemption was denied again the following year, Durbano Properties challenged the decision before the Utah State Tax Commission, arguing that the property qualified under the statute. The Tax

Commission agreed with the County's determination that the property did not qualify because it was not being used as a primary residence.

¶3 Durbano Properties also argued that the legislature's definition of "residential property" violated the very constitutional provision that empowers the legislature to enact a residential property tax exemption. But the Tax Commission expressly declined to reach that constitutional argument.

¶4 In this petition, Durbano Properties raises the same constitutional argument, but it does not explain how limiting the residential exemption to property used as a primary residence violates the permissive authority granted to the legislature. If the legislature chooses to grant a property tax exemption for residential property, our constitution expressly provides that the term "residential property" bears whatever meaning the legislature has assigned to it "by statute." *See* UTAH CONST. art. XIII, § 3(2)(a)(iv). Because Durbano Properties has not persuaded us that the legislature's definition exceeds that authority, we decline to disturb the Tax Commission's decision.

## BACKGROUND

¶5 Durbano Properties, LC owns property in a residential community in Washington County, Utah. For the 2010 through 2017 tax years, Durbano Properties received a residential tax exemption as provided by the Property Tax Act. *See* UTAH CODE § 59-2-103(3). Under the Act, property owners are allowed an exemption equal to 45% of the fair market value of "property used for residential purposes as a primary residence." *See id.* §§ 59-2-103(3), -102(34)(a).

¶6 In 2017, the Washington County Board of Equalization notified Durbano Properties that the property would no longer qualify for the residential tax exemption because it was not being used as a "primary residence." The County subsequently denied Durbano Properties' application for the exemption for the 2018 and 2019 tax years.

¶7 Durbano Properties challenged the County's denial of its 2019 residential tax exemption application. After a formal hearing, the Utah State Tax Commission determined that Durbano Properties had failed to show that the property was used as a primary residence during the relevant period. Accordingly, it concluded that the County correctly denied Durbano Properties' requested exemption. As part of that challenge, Durbano Properties argued that the legislature's definition of residential property violated the Utah

Constitution, but the Tax Commission expressly declined to address that argument, noting that it lacked jurisdiction to determine the constitutionality of legislative enactments.

¶8 In its petition before this court, Durbano Properties does not challenge the Tax Commission's determination that the property was not used as a "primary residence" for purposes of Utah Code section 59-2-102(34)(a). Instead, it argues only that the legislature has unconstitutionally limited the residential tax exemption to property used "as a primary residence."

## ISSUE AND STANDARD OF REVIEW

¶9 Durbano Properties argues that the legislature's residential property tax exemption violates article XIII, section 3 of the Utah Constitution because the statutory definition of "residential property" exceeds the scope of the legislature's constitutional authority. Because "it is not for the tax commission to determine questions of legality or constitutionality of legislative enactments," *State Tax Comm'n v. Wright*, 596 P.2d 634, 636 (Utah 1979) (cleaned up), we have no agency decision to review and therefore address the constitutionality of the statute for the first time as a question of law. *See Waite v. Utah Labor Comm'n*, 2017 UT 86, ¶ 5, 416 P.3d 635.

## ANALYSIS

¶10  It is "well settled that the power of taxation is a legislative function, and unless restrained by the Constitution the exercise of this power is vested in the Legislature and its power over the subject is plenary and supreme." *Garrett Freight Lines, Inc. v. State Tax Comm'n*, 135 P.2d 523, 530 (Utah 1943) (cleaned up). One such restraint on the legislature's power of taxation is the constitutional directive that all persons shall pay "a tax in proportion to the fair market value of . . . all tangible property in the State that is not exempt." UTAH CONST. art. XIII, § 2(1). This property tax "shall be: (a) assessed at a uniform and equal rate in proportion to its fair market value, to be ascertained as provided by law; and (b) taxed at a uniform and equal rate." *Id.*

¶11  But section 3 of article XIII sets forth several exceptions to that general rule. Some of the exceptions are mandatory, while others are permissive. *See generally id.* § 3. For instance, section 3 necessarily exempts "property owned by the State," "property owned by a nonprofit entity used exclusively for religious, charitable, or educational purposes," and "places of burial not held or used for private or corporate benefit." *See id.* § 3(1). Because these exemptions are grounded in the Utah Constitution, "[t]he legislature

cannot narrow or otherwise alter" them. *See Salt Lake Cnty. ex rel. Bd. of Equalization of Salt Lake Cnty. v. Tax Comm'n of Utah ex rel. Utah Transit Auth.*, 780 P.2d 1231, 1233 (Utah 1989).

¶12 Other exemptions are permissible at the legislature's discretion. Relevant here, section 3 provides that "[t]he Legislature may by statute exempt . . . up to 45% of the fair market value of residential property, as defined by statute." UTAH CONST. art. XIII, § 3(2)(a)(iv).

¶13 Our legislature chose to enact such a residential property exemption. Under Utah Code section 59-2-103(3), "the fair market value of residential property located within the state is allowed a residential exemption equal to a 45% reduction in the value of the property," subject to other statutory provisions. And, as contemplated by the constitution, the legislature defined "residential property" by statute. For purposes of the exemption, "residential property" is defined as "any property used for residential purposes as a primary residence." *Id.* § 59-2-102(34)(a).

¶14 Durbano Properties challenges the "primary residence" requirement of that statutory definition. It argues that limiting the "residential property" exemption in this way violates section 3 of article XIII of the Utah Constitution because it excludes property that is being used for residential purposes when it is not also used as a primary residence. Because the legislature has exempted some but not all property used for residential purposes, Durbano Properties contends that the legislature's definition "is constitutionally flawed."

¶15 "When we interpret constitutional provisions, our starting point is the textual language itself." *Univ. of Utah v. Shurtleff*, 2006 UT 51, ¶ 19, 144 P.3d 1109 (cleaned up). There is a "heavy burden placed on a party challenging the constitutionality of a statute." *Dennis v. Summit Cnty.*, 933 P.2d 387, 389 (Utah 1997). "When such a challenge is made, the statute is presumed valid, and we resolve any reasonable doubts in favor of constitutionality." *Id.* (cleaned up).

¶16 On its face, the relevant constitutional provision is permissive, not mandatory. Section 3 provides, "The Legislature *may* by statute exempt . . . up to 45% of the fair market value of residential property, as defined by statute." UTAH CONST. art. XIII, § 3(2)(a)(iv) (emphasis added). Under this provision, residential property owners have no constitutional entitlement to a tax exemption. Instead, the Utah Constitution merely permits the legislature to enact such an exemption if it chooses to do so. If the legislature is constitutionally permitted to withhold a tax exemption

for all residential property, limiting that exemption to certain types of residential property is well within the legislature's prerogative, so long as those limits do not run afoul of other constitutionally protected rights.

¶17 The sole constitutional provision on which Durbano Properties relies places only two restraints on the legislature's discretionary authority to enact a residential property tax exemption: the exemption must relate to "residential property, as defined by statute," and the exemption cannot exceed "45% of the fair market value" of the property. *See id.* Thus, the plain language of this provision permits the legislature to limit the type of "residential property" that qualifies for the exemption, to enact an exemption of less than 45%, or to offer no residential property tax exemption at all.

¶18 Here, the legislature exercised its discretion to enact a 45% property tax exemption, but it limited the definition of "residential property" to property used as a "primary residence." UTAH CODE § 59-2-102(34)(a). Durbano Properties argues that this definition is "arbitrary and nonsensical" because "it excludes property used for 'residential purposes.'" In other words, because the legislature has exempted some but not all property used for residential purposes, Durbano Properties contends that the legislature's definition "is constitutionally flawed."

¶19 But that argument presupposes that the constitution's use of the term "residential property" necessarily refers to all property used for residential purposes and that this independent meaning constrains the legislature's ability to define the term by statute. Such a reading would be contrary to the constitution's text. The relevant provision expressly provides that the term "residential property" carries only the meaning given to it "by statute." UTAH CONST. art. XIII, § 3(2)(a)(iv).

¶20 This court has previously addressed the legislature's constitutional authority to statutorily define "residential property" for purposes of the property tax exemption. In *Dennis*, out-of-state plaintiffs argued that limiting the definition of "residential property" to "any property used for residential purposes as a primary residence" violated article III, Second of the Utah Constitution, which "requires equal taxation of the 'lands' of both residents and nonresidents of the state of Utah." 933 P.2d at 389. The plaintiffs argued that the statutory definition discriminated on the basis of residency because, as nonresidents of Utah with primary residences in other states, "they cannot have primary residences in Utah and thus can never qualify for the property tax exemption." *Id.*

¶21 This court rejected that argument because "qualification for the exemption is the use to which the property is put, not the residency of the owner." *Id.* A Utah resident "who owns residential property in Utah but does not *use* that property as a primary residence is taxed in the same manner as a nonresident who likewise owns residential property that he does not use as a primary residence." *Id.* Therefore, this court concluded that the statutory definition of residential property does not violate article III, Second because "[s]imilarly situated residents and nonresidents are treated the same for property tax purposes." *Id.* at 391.

¶22 In reaching that conclusion, this court specifically addressed the taxing authority's argument "that the legislature was acting within the authority granted it by . . . the Utah Constitution when it defined the term 'residential property' as property used as a 'primary residence.'" *Id.* at 388.[1] This court agreed that the legislature had the constitutional authority to enact a residential property tax exemption that was limited in that manner: "[T]he Utah Constitution gives the legislature the authority to exempt 'residential property as defined by law' partially from taxation. The legislature was within that authority when it defined 'residential property' as that property *used* as a primary residence." *Id.* at 391.

¶23 Durbano Properties has not challenged the *Dennis* decision, other than to suggest that the court's "comments" that the legislature acted within its discretion in defining residential property were "dicta" and "not appropriate grounds" for resolving this case. But Durbano Properties has given us no reason to reconsider our

---

[1] Since *Dennis* was decided, the constitutional provision granting the legislature authority to enact a residential property tax exemption has been moved from article XIII, section 2 to article XIII, section 3, but the language remains largely the same. *Compare* UTAH CONST. art. XIII, § 2(8) (1997) ("The Legislature may provide by law for the exemption from taxation: of not to exceed 45% of the fair market value of residential property as defined by *law* . . . ." (emphasis added)) *with id.* § 3(2)(a) ("The Legislature may by statute exempt the following from property tax . . . up to 45% of the fair market value of residential property, *as defined by statute*." (emphasis added)). Further, the relevant statutes have been amended and renumbered, but the definition of "residential property" remains substantively the same. *Compare* UTAH CODE § 59-2-102(22) (1996) *with* UTAH CODE § 59-2-102(34)(a).

conclusion that the legislature acted within its constitutional authority in defining residential property as property "used for residential purposes as a primary residence." *See* UTAH CODE § 59-2-102(34)(a). Because Durbano Properties has identified no constitutional provision that would prohibit the legislature from enacting a property tax exemption that applies only to residential properties used as primary residences, we reject its constitutional challenge.

## CONCLUSION

¶24 Durbano Properties has not provided any legal basis to invalidate the legislature's definition of "residential property" as authorized by article XIII, section 3 of the Utah Constitution. We therefore decline Durbano Properties' request to "strike as unconstitutional the enforcement of the statutory definition of residential property to only include property used for 'residential purposes as a primary residence.'" Because Durbano Properties has not otherwise challenged the finding that the subject property did not qualify for the residential property tax exemption, we do not disturb the Tax Commission's decision.

———————————