579 P.2d 1105

Robert L. ERNST and Richard D. Crites, Appellants,

v.

The ARIZONA BOARD OF REGENTS, a political subdivision and body politic organized under Arizona law, Appellee.

No. 2 CA–CIV 2268.

Court of Appeals of Arizona, Division 2.

May 17, 1977.

Rehearing Denied June 30, 1977.

Review Granted July 19, 1977.

Knez, Glatz & Crites, P.C. by Richard D. Crites, Tucson, for appellants.

Bruce E. Babbitt, Atty. Gen. by Jack J. Rappeport, Sp. Asst. Atty. Gen., Tucson, for appellee.

## OPINION

HATHAWAY, Judge.

This is an appeal from a superior court judgment dismissing appellants' special action. Appellant Robert Ernst, was informed by letter on November 18, 1975, that his employment as a University of Arizona police officer was terminated as of November 14. The letter also notified him that he had a right to appeal in conformance with Policy Number 19 of the University Staff Manual. Policy 19 prescribes several stages of administrative review culminating in a hearing before the Staff Grievance Committee and a final review of the committee's decision by the president of the university. Policy 19.155 provides that at the hearing, "No person appearing as an attorney shall participate in the proceedings and their presence is permitted only for the purposes of observing the proceedings and advising their client during them." Appellant Ernst chose not to follow the step by step procedure set forth in the Staff Manual but instead immediately requested a hearing before the committee. No hearing was held and Ernst brought an action in the superior court seeking to compel the university to hold a hearing "forthwith" and seeking to strike Policy 19.155 so that his attorney could participate fully at the hearing. The lower court granted appellee's motion to dismiss and entered judgment dismissing the complaint for special action.

Appellant Ernst contends the Administrative Procedure Act, A.R.S. § 41–1001 et seq., is applicable to actions taken by the Board of Regents and gives him the right to a hearing and to representation of counsel at the hearing. The Administrative Procedure Act "is a general statute applicable to all state agencies." *Didlo v. Talley*, 21 Ariz.App. 446, 520 P.2d 540 (1974). "Agency" is defined broadly to mean "every agency, board, commission, department or officer, authorized by law to exercise rule-making powers or to adjudicate contested cases . . . but does not include

an agency in the judicial or legislative departments of state government." A.R.S. § 41–1001(1).

The Board of Regents has repeatedly been held to be a state agency, although the cases so holding did not involve the Procedure Act. *Board of Regents v. Tempe*, 88 Ariz. 299, 356 P.2d 399 (1960); *Tempe v. Board of Regents*, 11 Ariz.App. 24, 461 P.2d 503 (1969); *Ashton Company v. Tucson*, 7 Ariz.App. 509, 441 P.2d 275 (1968); see *State of Arizona and the Board of Regents v. Miser*, 50 Ariz. 244, 72 P.2d 408 (1937). The Board of Regents is authorized to enact governing ordinances, A.R.S. § 15–725(A)(1), and is empowered to hire and remove personnel, A.R.S. § 15–725(A)(4). Both cases relied upon by appellee in its argument that the Board of Regents is exempt are inapposite since they deal with the applicability of the Administrative Review Act, A.R.S. § 12–901, et seq., and not the Administrative Procedure Act. *Sheppard v. Arizona Board of Pardons and Paroles*, 111 Ariz. 587, 536 P.2d 196 (1975); *State ex rel. State Board of Pardons and Paroles v. Superior Court*, 12 Ariz.App. 77, 467 P.2d 917 (1970). We do not, at this time, express an opinion as to whether the Administrative Review Act should apply to actions of University committees. We do conclude that the Arizona Board of Regents is a state agency authorized by "law to exercise rule-making powers or to adjudicate contested cases" and hence is subject to the Administrative Procedure Act.[1] The cases relied upon in appellee's argument that the Administrative Review Act is inapplicable are distinguishable because in those cases the decision of the administrative agency, the Board of Pardons and Paroles, is not final but must be approved by the governor. In the instant case, a decision by the agency, the Arizona Board of Regents, is final because it is not subject to higher approval. The Review Act applies to "a final decision of an *administrative agency*." A.R.S. § 12–902(A). (Emphasis added)

---

1. The Arizona Supreme Court has assumed, without discussion, that the Review Act applies to actions taken by the University with respect to students. *Arizona Board of Regents v. Harper*, 108 Ariz. 223, 495 P.2d 453 (1972).

Having found that the Arizona Board of Regents is subject to the Administrative Procedure Act, it follows that under the Act appellant Ernst is entitled to a hearing at which he is fully represented by counsel in accordance with A.R.S. § 41–1010(A)(1). The hearing procedures mandated by the Act apply to "contested cases." A.R.S. §§ 41–1009 and 41–1010. A "contested case" is defined as ". . . any proceeding . . . in which the legal rights, duties or privileges of a party are *required by law* to be determined by an agency after an opportunity for hearing." A.R.S. § 41–1001(2). (Emphasis added). Pursuant to its statutory authority to enact governing ordinances, A.R.S. § 15–725(A)(1), the Board of Regents has enacted a regulation, Policy Number 19 of the Staff Manual, which requires a hearing to personnel protesting termination after certain steps are followed. This regulation has the force of law. *Maryland Casualty Co. v. United States*, 251 U.S. 342, 40 S.Ct. 155, 64 L.Ed. 297 (1920); *Community Federal Savings & Loan of Independence, Mo. v. Fields*, 128 F.2d 705 (8th Cir. 1942).

Appellant Ernst did not follow the preliminary steps required; instead, he directly requested a hearing.[2] This does not foreclose him from now pursuing his administrative remedies through the proper step by step procedure, thereby ultimately obtaining a hearing, especially since he filed his initial grievance within the five days required by Policy 19. Appellee does not, nor has it ever, contended that irregularities in Ernst's administrative procedures preclude him from review of his grievance. Prior to filing the special action, Ernst received a letter from the assistant chief of police, offering to begin the grievance procedure. At the hearing on the special action, appellee's attorney avowed to the court that appellee remained ready at all times to provide a hearing in accordance with the staff manual. Appellee does not contend that Ernst lacks the right to appeal pursuant to the manual. Rather, it points out that appellant Ernst has not followed the procedures specified in the manual and has not availed himself of the rights afforded. We agree that Ernst may pursue his appeal in accordance with the university staff manual. When he reaches the stage at which he has a right to a hearing before the staff grievance committee, however, he is entitled to full representation of counsel in accordance with A.R.S. § 41–1010(A)(1) at that hearing.

Since Ernst was not entitled to a hearing "forthwith" but must first follow the prescribed procedure before he can obtain a hearing, the trial court properly dismissed his special action.

Affirmed.

HOWARD, C. J., and RICHMOND, J., concur.

---

**2.** The staff manual sets forth the following steps to be followed in seeking redress for a grievance: Complain to (1) immediate supervisor; (2) department head; (3) head of college or division; (4) request a hearing by the staff grievance and appeals committee.