579 P.2d 1099

Robert L. ERNST and Richard D. Crites, Appellants,

v.

The ARIZONA BOARD OF REGENTS, a political subdivision and body politic organized under Arizona law, Appellee.

No. 13304–PR.

Supreme Court of Arizona, In Banc.

May 8, 1978.

**130**

John A. LaSota, Jr., Atty. Gen., Bruce E. Babbitt, Former Atty. Gen., Phoenix by, Jack J. Rappeport, Sp. Asst. Atty. Gen., Tucson, for appellee.

Richard D. Crites, Tucson, for appellants.

STRUCKMEYER, Vice Chief Justice.

This action was brought in the Superior Court of Pima County to compel the Arizona Board of Regents to require the University of Arizona's Staff Grievance and Appeals Committee to grant Robert L. Ernst a hearing and for other relief. The action was dismissed in the Superior Court for failure to state a claim. Rule 12(b)(6), 16 A.R.S. Rules of Civil Procedure. The Court of Appeals reversed, 119 Ariz.App. 135, 579 P.2d 1105 (App.1977). We accepted review. Opinion of the Court of Appeals vacated.

Petitioner Ernst was hired in June of 1974 as a police officer by the University of Arizona Police Department. In November of 1975, he was discharged and his employment terminated.

■■■ Ernst was not a person subject to Merit System employment, A.R.S. § 41–761,

et seq., since by § 41–771, as amended by Laws of 1975, Ch. 28, § 2, and Ch. 104, § 36, the officers and employees of the state universities are exempted from the provisions of Title 41, §§ 41–761 through 41–785. Nor was Ernst a tenured employee under the University's personnel policy. By the University's Staff Employees Personnel Policy Manual, he was what is described as a "Career Staff." Career Staff have some expectation of continuous employment. The Personnel Policy Manual provides:

"A. *Career Staff*: Staff members of the University who are employed in positions that are expected to be continuing shall be considered career staff employees. Personnel employed in career staff positions may feel secure in their employment so long as they perform their duties in a satisfactory way and the University's budget is adequate to provide for the maintenance of such positions."

We hold that this language means that a Career Staff employee is not guaranteed or promised tenure, only that he "may feel secure" if he satisfactorily performs his duties. Ordinarily a public employee who serves at the pleasure of the appointing authority is an employee whose employment may be terminated at will. *Ishimatsue v. Regents of the University of California*, 72 Cal.Rptr. 756, 266 C.A.2d 854 (1968). Whether the language of the definition of a Career Staff is sufficient to create a property interest in the employment, see *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972) and *Perry v. Sinderman*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972), we find unnecessary to decide.

■■■ On November 18, 1975, when Ernst was notified of his termination by the Assistant Chief of Campus Police, he was also notified in writing that if he wished to appeal the decision to terminate his employment he should conform with provision 19 of the University's Personnel Policy Manual. The Personnel Policy Manual provides for a four-step appeal, commencing with

the immediate supervisor and ultimately to the President of the University. The day following his notification, the University's Personnel Director received a letter from Petitioner Crites which said, among other things, that he, Crites, was Ernst's lawyer, that he requested review of Ernst's termination and demanded that he be permitted to represent Ernst fully in the proceedings as his lawyer. The demand to represent Ernst was contrary to the express provisions of § 19.155 of the Personnel Policy Manual. That section provides that an attorney "is permitted only for the purposes of observing the proceedings and advising their client during them." The letter also advised the Personnel Director that he had until November 25 to agree with this demand.

When the Personnel Director did not agree, petitioners filed this action in the Superior Court. There they took the position that Ernst was entitled to a hearing before the University's Staff Grievance and Appeals Committee pursuant to the Administrative Procedure Act, and that by § 41–1010 a party to a proceeding *under the Act* had the right to be represented by counsel.

The Arizona Board of Regents is an agency subject to Arizona's Administrative Review Act. *Arizona Board of Regents v. Harper*, 108 Ariz. 223, 495 P.2d 453 (1972). Plainly, Ernst, had he conformed to provision 19 of the University's Personnel Policy Manual and was still dissatisfied, could have had a judicial review of his discharge. *In re Carter*, 262 N.C. 360, 137 S.E.2d 150 (1964). Instead, he sought a judicial determination in the Superior Court that the Administrative Procedure Act was applicable and that pursuant to § 41–1010 he had the right to be represented by counsel. By A.R.S. § 41–1010, the contestant is entitled to be represented by counsel "in contested cases."

Section 41–1001(2) defines "contested case":

"'Contested case' means any proceeding, including but not restricted to rate making, price fixing and licensing, *in which the legal rights, duties or privileg-*

*es of a party are required by law to be determined* by an agency after an opportunity for hearing." (Emphasis added.)

This is not a contested case. Petitioners have no remedy under the Administrative Procedure Act since Ernst's legal rights are not required "by law to be determined by an agency [the Board of Regents] after an opportunity for hearing."

The judgment of the Superior Court is affirmed.

HAYS, HOLOHAN and GORDON, JJ., concur.

CAMERON, Chief Justice, dissenting.

For the reasons so ably stated in the decision of the Court of Appeals, Division Two, 119 Ariz.App. 135, 579 P.2d 1105 (App.1977), I dissent.