Thomas C. GUY, Plaintiff-Appellant,

v.

MOHAVE COUNTY, et al., Defendants-Appellees.

James R. SMITH, Plaintiff-Appellant,

v.

MOHAVE COUNTY, et al., Defendants-Appellees.

No. 81–5574.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 7, 1982.

Decided Sept. 29, 1982.

As Amended March 8, 1983.

Robert F. Clarke, Napier & Jones, P.C., Phoenix, Ariz., for plaintiffs-appellants.

Larry L. Smith, O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, Phoenix, Ariz., argued, for defendants-appellees; Charles J. Muchmore, Phoenix, Ariz., on brief.

Before ELY and NORRIS, Circuit Judges, and GILLIAM,[*] District Judge.

GILLIAM, District Judge:

This case presents an appeal involving the due process rights of two former sheriffs deputies[1] from the Mohave County Sheriff's Office in Arizona who filed actions against their employers, Mohave County, et al., after having been terminated from their jobs. Plaintiffs alleged that the defendants had failed to provide them with a requested termination hearing in violation of their due process rights. Plaintiffs filed complaints under 42 U.S.C. §§ 1983, 1985(2), (3), and 1986[2] of the Civil Rights Act and sought declaratory and injunctive relief, 28 U.S.C. §§ 2201, 2202, and damages.

The district court entertained cross-motions for summary judgment in a dispute which centered on the classification of the plaintiffs' employment status and exhaustion of administrative remedies. The district court concluded that the plaintiffs' due process rights were not violated as they were employees terminable at will and they had not perfected their administrative review rights. Accordingly, judgment was entered in favor of defendants. We hold that the district court correctly classified the plaintiffs as employees terminable at will and affirm the judgment.

The issues before this court are:

1. Whether the nature of plaintiffs' employment status was such that they had acquired a "property interest" in continued employment and were thereby entitled to the due process safeguard of a termination hearing; and

2. Whether the plaintiffs waived their right to receive a hearing by failing to exhaust their administrative remedies.

## I  FACTS

Plaintiff, Thomas Guy, was hired as a sheriff's deputy for Mohave County on August 1, 1976, was terminated about February 21, 1979, and was sent written notice of his termination from the Mohave County Sheriff about February 26, 1979. Mr. Guy directed a written demand for a hearing to the Mohave County Sheriff's Office about March 23, 1979.

Plaintiff, James Smith, was hired as a sheriff's deputy for Mohave County on May 5, 1977, terminated about June 20, 1979, and was sent written notice of his termination from the Mohave County Chief Deputy about June 27, 1979. Mr. Smith directed written notice that he was requesting a hearing about June 29, 1979, and on July 9, 1979, the Mohave County Sheriff sent written notice to Mr. Smith that he was in accord with the termination action of Chief Deputy.

The "Mohave County Sheriff's Office Manual of Policies and Regulations"[3] provides:

*Rule XIV, Section 2, page 13:*
"The person desiring to appeal his/her case to the appeal board may do so by

---

[*] Honorable Earl B. Gilliam, United States District Judge, Southern District of California, sitting by designation.

1. Actions were originally brought by three sheriffs deputies, but only two have appealed.

2. § 1983 provides redress for the deprivation under color of state law of any rights, privileges, or immunities secured by the United States Constitution and laws.
   § 1985 provides redress for conspiracy to interfere with civil rights.

§ 1986 provides redress for neglect to prevent deprivation of wrongs mentioned in § 1985.

3. The parties have stipulated that Mohave County has not adopted a law enforcement officers' merit system nor an employees' merit system as provided in certain provisions of the Arizona Revised Statutes. Reliance is thus placed on the Mohave County Sheriff's Office Manual of Policy and Regulation.

notifying his/her supervisor in writing within 48 hours of the action taken against him . . .

Disciplinary action taken by the Chief Deputy may be appealed to the Sheriff. Disciplinary action taken or approved by the Sheriff may only be appealed through the courts."

The controversy does not concern the merits or circumstances behind the plaintiffs' terminations; but rather, whether they are entitled to a termination hearing. Neither plaintiff received an administrative hearing by the defendants and no review was instituted by the plaintiffs in the Arizona state court system.

## II  DISCUSSION

The U.S. Supreme Court looked at Fourteenth Amendment procedural due process rights in the companion cases of *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), and *Perry v. Sindermann,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972), and established principles which require parties to show that they have been deprived of a "property" interest in continued employment in order to invoke the procedural due process protection of the requirement of an opportunity for a hearing. Therefore, in considering whether the plaintiffs are entitled to a termination hearing, the first issue to be addressed is whether their employment status was such that they had acquired a property interest in continued employment. Property interests are broad and are created and their dimensions defined by existing rules or under-

standings which stem from an independent source such as state law. *Board of Regents v. Roth,* 408 U.S. at 577, 92 S.Ct. at 2709.

In the case at bar, the defendants contend that the plaintiffs are employees at will not entitled to a hearing. The plaintiffs contend that they are permanent employees who have acquired a property interest sufficient to vest them with the due process right to a hearing. The determination of the nature of the plaintiff's interests must be made in accordance with state law. *Id.* at 577, 92 S.Ct. at 2709, *Bishop v. Wood,* 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976).

The case of *Bishop v. Wood,* cited by both parties, sets a dictate for our decision. That case concerned a policeman who was terminated by a city manager upon the recommendation of the chief of police without a hearing. The policeman asserted that the North Carolina city ordinance [4] created an expectation of continued employment and that his classification as "permanent" gave him a sufficient expectation of continued employment to constitute a property interest. This case is similar. Here, the plaintiffs allege that Mohave County's personnel regulations from the Mohave County Sheriff's Office Manual [5] create an expectation of continued employment and that their classification as non-probationary, full-time regular employees gives them a sufficient expectation of continued employment to constitute a property interest. In *Bishop,* the Supreme Court found that petitioner was not deprived of a property interest,[6] finding that the policeman held his

4. The city ordinance provided that a permanent employee may be discharged if he fails to perform work up to the standard of his classification, or if he is negligent, inefficient, or unfit to perform his duties.

5. Under these regulations, the plaintiffs are classified as non-probationary, full-time regular employees.

6. The Supreme Court relied on the District Court Judge's and the Court of Appeals' interpretation of the North Carolina ordinance:

"The North Carolina Supreme Court has held that an enforceable expectation of continued public employment in that State can exist only if the employer, by statute or contract,

has actually granted some form of guarantee . . . Whether such a guarantee has been given can be determined only by an examination of the particular statute or ordinance in question.

On its face the ordinance on which petitioner relies may fairly be read as conferring such a guarantee. However, such a reading is not the only possible interpretation; the ordinance may also be construed as granting no right to continued employment but merely conditioning an employee's removal on compliance with certain specified procedures. We do not have any authoritative interpretation of this ordinance by a North Carolina state court. We do, however, have the opinion of the United States

position "at the will and pleasure of the city". The court also found that the North Carolina law granted no right to continued employment, but merely conditioned an employee's removal on compliance with specified procedures. We find the same result must be reached here.

To determine the nature of the plaintiffs' employment status, an examination of the Arizona statutory scheme ("Arizona Revised Statutes", or "A.R.S.") is in order.

A.R.S. § 38–295(A) provides:

"Every officer whose term is not fixed by law shall hold office at the pleasure of the appointing power."

A.R.S. § 38–101(3) defines officer as:

". . . the incumbent of any office, member of any board or commission, or his deputy or assistant exercising the powers and duties of the officer, other than clerks or mere employees of the officer."

The defendants argue that the plaintiffs are "officers" within the meaning of these sections. They reason that the sheriff is an officer, A.R.S. § 11–401(A), who is empowered to appoint deputies, A.R.S. § 11–409. Since deputies of a state or county officer possess the powers and may perform the duties prescribed by law for the office, A.R.S. § 38–462(A), then the deputies are also "officers" who, as stated above, hold office at the pleasure of the appointing power, A.R.S. § 38–295A. In addition, *Ernst v. Arizona Board of Regents,* 119 Ariz. 129, 579 P.2d 1099 (1978), holds that a public officer who holds office "at the pleasure" of an appointing authority is "an employee at will".

The deputies raise several arguments to show that they are not employees at will but rather "mere employees" of the sheriff, and that they do not fall within the confines of the above statutes. One of the stronger arguments asserted is that they

are not employees at will because the Sheriff's Office Manual § 1, ¶ 2.20(a) prohibits the termination of the deputies in the absence of just cause. Thirteen reasons are listed for just cause, i.e., absenteeism, incompetence, inattention to duties. The deputies contend that because § 1, ¶ 2.20(a) makes "just cause" a requirement for dismissal, they have acquired a property interest in continued employment. In support of this argument, the plaintiffs cite *City of Flagstaff v. Superior Court, etc.,* 116 Ariz. 382, 569 P.2d 812 (1977). In that case, the Arizona Supreme Court considered whether a fireman was entitled, as a matter of due process, to a hearing before being terminated. In reaching a decision, the court noted that firemen who can be dismissed "for cause" have a property or liberty interest in continuing employment. The court decided a pre-termination hearing was not mandated provided a post-termination hearing was made available.

Having examined the facts, briefs and arguments advanced by the parties, this Court now reaches the point of determining the nature of plaintiffs' employment status which determination centers on the interpretation given Arizona law. Our focus is first directed to the two Arizona Supreme Court rulings raised by the parties which bear significantly upon this interpretation and our decision. We recognize that in the case of *City of Flagstaff v. Superior Court, etc.,* the Arizona Supreme Court ruled that a personnel regulation requiring termination of firemen "for cause" creates a property or liberty interest in continued employment, 569 P.2d at 813. We also recognize that in the case of *Ernst v. Arizona Board of Regents,* the Arizona Supreme Court reiterated an earlier ruling that a public employee who serves at the pleasure of the appointing authority is an employee whose

District Judge, who, of course, sits in North Carolina and practiced law there for many years. Based on his understanding of state law, he concluded that petitioner 'held his position at the will and pleasure of the city'. This construction of North Carolina law was upheld by the Court of Appeals . . . albeit by an equally divided court. In comparable circumstances,

this Court has accepted the interpretation of state law in which the District Court and the Court of Appeals have concurred even if an examination of the state-law issue without such guidance might have justified a different conclusion." 426 U.S. at 345–46, 96 S.Ct. at 2077–2078 (footnotes omitted).

employment may be terminated at will, 579 P.2d at 1100.

In the instant case we are presented with facts which fall within the confines of both rulings. The Mohave County personnel regulations prohibit the termination of deputies absent "just cause". Thus upon first impression it appears that a property interest has been created and a termination hearing required as mandated in *City of Flagstaff.* However, in that case the Court did not consider the question of whether the fireman was an employee who served at the pleasure of the appointing authority as we are informed only that he was a non-probationary employee of 5½ years who could be terminated for cause. The case at hand is distinguishable in that it deals additionally and squarely with the issue of whether the policemen serve at the pleasure of the appointing authority and are thereby employees terminable at will.

On this issue, absent any clear state authoritative interpretation to the contrary, we accept the interpretation made by the District Court in its construction of the Arizona laws and Mohave County personnel regulations and specifically with its finding that the policemen are officers who serve at the pleasure of the appointing authority. A.R.S. § 38–462, A.R.S. § 22–401, A.R.S. § 38–295(A), A.R.S. § 38–101(3). *Ernst* therefore controls, as a public employee who serves at the pleasure of the appointing authority may be terminated at will. The plaintiffs' terminations did not deprive them of a property interest sufficient to guarantee them the Fourteenth Amendment due process right to a hearing under these circumstances.

The dictates of *Bishop v. Wood* provide the deciding factor in this decision. As stated above, the Court in that case found no property interest under similar circumstances. In considering the possible interpretations of a North Carolina ordinance proferred to create a property interest, the court recognized that on its face the ordinance may fairly be read to confer the guarantee of continued employment. The court went on to note, however, that another construction was possible, namely that the ordinance granted no right to continued employment but merely conditioned an employee's removal on compliance with certain specified procedures. The Court placed particular weight on the District Court's opinion as it found its reading of the ordinance tenable, that it derived some support from a specified North Carolina decision and that it had been accepted by the Fourth Circuit Court of Appeals. An independent examination of the state-law issue was found to be unnecessary. 426 U.S. at 344–347, 96 S.Ct. at 2077–2078.

We reach a similar conclusion here. The District Court's reading of the Arizona laws and personnel regulations is more than tenable and derives support from an Arizona Supreme Court decision. On such a close question we are particularly cognizant of the general rule and policies behind it that the interpretations of state law by a district judge as the law of the state in which he sits are entitled to deference. *Clark v. Musick,* 623 F.2d 89, 91 (9th Cir.1980).

In light of the foregoing, it is not necessary to determine the issue regarding exhaustion of remedies by plaintiff.

The order of the district court is affirmed.