**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 28 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRENT QUADE, | No. 15-16975 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-00610-JJT |
| v. | |
| ARIZONA BOARD OF REGENTS; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Argued and Submitted February 1, 2017
University of Arizona, Tucson, Arizona

Before: LEAVY, MURGUIA, and FRIEDLAND, Circuit Judges.

Brent Quade appeals from the district court's judgment dismissing his action

alleging federal and state law claims. Quade sued the Arizona Board of Regents

(the governing board of Arizona State University) and four individuals associated

with ASU, alleging a violation of due process under 42 U.S.C. § 1983, gender

discrimination under Title IX, defamation, false light invasion of privacy, violation

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

of the right of privacy under the Arizona Constitution, and interference with prospective employment. The district court dismissed all claims against the Board and the university officials on the basis of Eleventh Amendment immunity, the state law claims against the individual defendants for failure to timely file a notice of claim under Arizona law, and the federal claims on the basis of res judicata.[1] We affirm.

1. Background

Quade, an ASU student, was charged and found in violation of the ASU student code of conduct for sexual misconduct, underage drinking, and marijuana use. On the basis of the alleged violations, Dr. Michael Mader, associate dean of students, suspended Quade from ASU for approximately twelve months. After learning of the University's decision to impose a sanction of suspension, Quade retained counsel and appealed the sanction by requesting a hearing before a university hearing board. Quade and his counsel arrived at the hearing scheduled on March 4, 2014. Upon arrival, Professor Gregory Castle informed Quade's

---

[1] Quade does not challenge the district court's determination that his claims against the Board and its officers are barred by Eleventh Amendment immunity. Thus, only Quade's claims against Castle and Mader in their individual capacities are before the panel.

counsel that only one person could speak at the hearing (Quade or his counsel), and that Quade's witness would not be allowed to testify because he no longer worked at ASU. Quade alleged that he was denied his right to counsel, his right to testify, his right to present evidence on his own behalf, and that "[t]here was no hearing."

A final decision was issued on April 4, 2014, adopting the university hearing board's determination that Quade had abandoned his appeal and upholding the suspension issued by the dean of students. The determination stated that it was "the final administrative decision of the University" and informed Quade that he could seek judicial review of the decision under Arizona Revised Statutes §§ 12-901 through 12-914. Quade did not seek judicial review of the final administrative decision in state court.

2. State Law Claims

The district court properly dismissed Quade's state law claims against defendants Mader and Castle. Arizona's notice-of-claim law requires personal service of a notice of claim upon a public employee. *See* Ariz. Rev. Stat. § 12-821.01(A); *see also Falcon ex rel. Sandoval v. Maricopa County*, 144 P.3d 1254, 1256 (Ariz. 2006) ("Actual notice and substantial compliance do not excuse failure to comply with the statutory requirements of A.R.S. § 12-821.01(A)."). Quade

admittedly did not comply with this prerequisite to filing his state law claims against the individual defendants.

Quade contends that equitable estoppel excuses him from having to personally serve a notice of claim on defendants. This argument fails for two reasons. First, Quade did not raise this argument in the district court. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("As a general rule, we will not consider arguments that are raised for the first time on appeal."). Second, even if we were to consider the merits of equitable estoppel, Quade did not allege conduct on the part of either individual defendant that prevented him from serving them with notice of his claims. *See Gorman v. Pima County*, 287 P.3d 800, 804-05 (Ariz. Ct. App. 2012) (elements of equitable estoppel); *see also Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1176 (9th Cir. 2000) (equitable estoppel "focuses primarily on the actions taken by the defendant in preventing a plaintiff from filing suit"), overruled on other grounds by *Socop-Gonzalez v. INS*, 272 F.3d 1176, 1194-96 (9th Cir. 2001) (en banc).

3. Federal Due Process Claim

The Board's administrative decision has preclusive effect if the Arizona courts would apply claim preclusion, so long as the administrative forum satisfies

the fairness requirements of *United States v. Utah Construction & Mining Company*, 384 U.S. 394 (1966). *See Miller v. County of Santa Cruz*, 39 F.3d 1030, 1032-33 (9th Cir. 1994) (considering whether decisions of a state administrative tribunal are entitled to preclusive effect and discussing the *Utah Construction* factors).

Under Arizona law, "a party's failure to appeal a final administrative decision makes that decision final and res judicata. . . . This principle applies even to alleged constitutional errors that might have been corrected on proper application to the court which has jurisdiction of the appeal." *Olson v. Morris*, 188 F.3d 1083, 1086 (9th Cir. 1999). The Board acted in a judicial capacity and resolved disputed issues of fact properly before it. In analyzing the availability of review in state court, we consider whether Quade had an "adequate opportunity to litigate." *See Misischia v. Pirie*, 60 F.3d 626, 630 (9th Cir. 1995) (concluding that the plaintiff "had an opportunity, which he chose not to take, for judicial review, and even for the presentation of evidence in the reviewing court to demonstrate procedural irregularities by the board"); *Eilrich v. Remas*, 839 F.2d 630, 632 (9th Cir. 1988) ("If an adequate opportunity for review is available, a losing party cannot obstruct the preclusive use of the state administrative decision simply by

foregoing [the] right to appeal." (quoting *Plaine v. McCabe*, 797 F.2d 713, 719 n.12 (9th Cir. 1986))).

Here, Quade does not dispute that the Arizona Board of Regents had a written policy for student disciplinary proceedings and that he could have appealed the Board's decision to the state superior court. *See* Ariz. Rev. Stat. §§ 12-901-14; *see also Ernst v. Ariz. Bd. of Regents*, 579 P.2d 1099, 1101 (Ariz. 1978) ("The Arizona Board of Regents is an agency subject to Arizona's Administrative Review Act."). In addition to review by the state superior court, Arizona Revised Statute section 12-913 provides for direct appellate review by the Arizona Supreme Court of any superior court decision arising from an action for review of an administrative agency decision. *See* Ariz. Rev. Stat. § 12-913. Given the available judicial review provided for by Arizona law, the state forum as a whole provided the parties "an adequate opportunity to litigate."[2] *Miller*, 39 F.3d at 1033.

Although Quade alleges that there was "no hearing" before the Board in his case, there was a final administrative decision issued following Quade's decision not to participate in March 4, 2014 hearing, and Quade did not appeal from the

---

[2] We also note that Quade did not pursue an administrative rehearing through the procedures set out by Arizona Board of Regents Policy 5-403(G)(1).

University's final decision.  As a result, the university's allegedly unfair decision is now final and Quade's due process claim is barred—despite the alleged infirmities of the process Quade received—because Quade took no steps to have the Board's decision corrected through the university's rehearing process or in state court. Accordingly, we conclude that the district court properly dismissed Quade's due process claim on the basis of res judicata.[3]

**AFFIRMED.**

---

[3] Quade has waived any arguments relating to the alleged violation of Title IX by not raising any arguments with respect to that claim on appeal.  *See Smith*, 194 F.3d at 1052.

*Quade v. Az. Bd. of Regents*, 15-16975

LEAVY, Circuit Judge, dissenting in part.

The majority makes two errors.

1.  First, the district court never ruled upon the defendants' motion to dismiss the complaint under Rule 12(b)(6) for failure to state a claim. *See Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001) (the bare requirements of notice pleading govern review of the legal sufficiency of plaintiff's complaint). According to the allegations in the complaint, a female Arizona State University Polytechnic (ASU) student alleged that she was sexually assaulted in Quade's room at his on-campus residence on October 19, 2013. The female student said that she "blacked out" due to consuming several vodka drinks after the start of the ASU football game that she attended with Quade earlier that afternoon. Matthew Parker, a detective employed by the ASU Police Department, investigated the allegation and interviewed both Quade and the female student. Quade told Detective Parker that both he and the female student were intoxicated on October 19, 2013, but the female student was not passed out and the sexual activity was consensual. Detective Parker discovered several phone texts between the female student and Quade dated October 21, 2013 (two days after the alleged assault) wherein the female student initiated contact and texted Quade about wanting to come over to his room to work on physics class homework with Quade. The ASU

Police Department closed the case against Quade because there was no likelihood of conviction. The university nevertheless charged Quade with sexual assault and suspended Quade from the university for twelve months. Quade retained counsel and appealed the suspension by requesting a hearing before a university hearing board. When Quade, his counsel, and his witness arrived at the hearing, he was told that either he or his counsel could speak, but not both, and that his witness, the ASU detective who investigated the incident, was not allowed to testify because he no longer worked for ASU. Quade left the hearing before it began. Quade alleged there was "no hearing" because he was deprived of his right to counsel, his right to testify on his own behalf, and his right to present evidence.

Rather than first deciding whether Quade's complaint stated a claim for relief, the majority proceeded to analyze the preclusive effect of the university's final administrative decision. Notably, all of the cases cited by the majority for the preclusive effect of administrative decisions were decided upon summary judgment, after development of the record, and not upon a motion to dismiss for failure to state a claim. None of the cited cases involve the denial of a plaintiff's opportunity to speak and present evidence at the administrative level. Quade plausibly alleged a denial of his basic due process rights in a state administrative hearing. Dismissal of Quade's complaint at the outset for the reason of claim

2

preclusion is both premature and unprecedented.

2. Second, neither the district court nor this court independently determined whether the state university provided Quade an "adequate opportunity to litigate" at the administrative level. Administrative decisions may be entitled to preclusive effect in a subsequent section 1983 action "when a state agency acting in a judicial capacity . . . resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate." *University of Tennessee v. Elliott*, 478 U.S. 788, 799 (1986) (*quoting United States v. Utah Constr. & Mining Co.*, 384 U.S. 394, 422 (1966)); *see also Misischia v. Pirie*, 60 F.3d 626, 629 (9th Cir. 1995) (stating that to have preclusive effect in federal court, the state administrative determination must satisfy the *Utah Construction* fairness requirements). If the fairness requirements are not met, then a federal court will not accord the administrative decision preclusive effect. *See Miller v. Cty. of Santa Cruz*, 39 F.3d 1030, 1038 (9th Cir. 1994) (stating that preclusive effect will be denied "when the parties lacked an adequate opportunity to litigate an issue, or when some other aspect of due process, the 'full and fair opportunity' to litigate, is missing") (internal citations omitted).

Under Arizona law, claim preclusion may be applied to administrative decisions that meet the *Utah Construction* fairness requirements. *See Hawkins v.*

3

*State Dept. of Economic Sec.*, 900 P.2d 1236, 1240 (Ariz. 1995); *Campbell v. Superior Court*, 501 P.2d 463, 466 (Ariz. App. 1972) (*quoting Utah Const.* 384 U.S. at 422).  Before an Arizona administrative decision is given preclusive effect in federal court, "the federal district court must independently assess the adequacy of the state's administrative forum."  *Olson v. Morris*, 188 F.3d 1083, 1086 (9th Cir. 1999).  In *Plaine v. McCabe*, 797 F.2d 713, 719 (1986), we discussed requirement that the federal court carefully review the safeguards in a state administrative proceeding:

> "Thus, the threshold inquiry for a court deciding whether to give preclusive effect to a state administrative adjudication, is to determine whether the state administrative proceeding was conducted with sufficient safeguards to be equated with a state court judgment. . . However, there can be no indiscriminate presumption of judicial adequacy of state administrative proceedings.  The federal court must carefully review the state administrative proceeding to ensure that, at a minimum, it meets the state's own criteria necessary to require a court of that state to give preclusive effect to the state agency's decisions.  To do otherwise would run the risk of precluding relitigation of issues by parties who have had no fair opportunity to be heard."

Before we accorded preclusive effect to an Arizona administrative decision in *Olson*, we first examined the fairness of the state administrative proceeding. We determined the plaintiff knew that he was entitled to counsel and was able to "mount a factual defense." *Olson*, 188 F.3d at 1086.  We concluded "that the state administrative process here comported with the requirements of *Utah*

4

*Construction.*" *Id.* Having first determined in *Olson* that the state administrative process met the *Utah Construction* fairness requirements, we held that, although the plaintiff could have, but did not, appeal to the state court, the doctrine of res judicata barred plaintiff from relitigating the final administrative decision in a subsequent section 1983 action. *Id.*

The majority correctly states that a losing plaintiff cannot avoid or obstruct the preclusive effect of an administrative decision by failing to raise issues or defenses at either the administrative hearing or on appeal to the state court. *See, e.g.*, *Misischia*, 60 F.3d at 630. But preclusive effect should never be accorded to an administrative adjudication that, upon an independent federal examination, fails to meet the *Utah Construction* fairness requirements. *See Miller*, 39 F.3d at 1038 (stating that preclusive effect may be given to an administrative decision where "the *agency adjudication* meets the requirements of due process, *and* de novo judicial review is available") (emphasis added); *see also Misischia*, 60 F.3d 626 (determining that *Utah Construction's* fairness standards were met "at all levels of the administrative process").

Here, Quade alleges he was deprived his right to counsel, prevented from presenting his main evidence, and prevented from speaking on his own behalf at the university's hearing. The majority concludes that, notwithstanding the

5

allegations of serious due process infirmities in the university's hearing procedures, "the available judicial review provided by Arizona law, the state forum as a whole" provided the parties an "adequate opportunity to litigate." (The district court similarly concluded that Quade's section 1983 due process claims were precluded because the university's decision was "just, reasonable and lawful on account of Plaintiff's failure to appeal it in state court."). In other words, the majority holds that the mere availability of state court judicial review satisfies any concerns regarding the "adequate opportunity to litigate" at the administrative level. Exhaustion of state judicial review remedies, however, is not a prerequisite to a federal action under section 1983. *See Heath v. Cleary*, 708 F.2d 1376, 1379 (9th Cir. 1983).[1] "Redetermination of issues is warranted if there is reason to doubt the quality, extensiveness, or fairness of procedures followed in prior litigation." *Montana v. United States*, 440 U.S. 147, 164 n.11 (1979).

In sum, because the district court failed to rule in the first instance on defendants' motion to dismiss for failure to state a claim, and because the court accorded preclusive effect to the university's decision without first determining whether the university's hearing satisfied the *Utah Construction* fairness

---

[1] Courts recognize a specific, limited exhaustion requirement in 42 U.S.C. § 1997e for prisoners bringing actions pursuant to section 1983. *Patsy v. Board of Regents*, 457 U.S. 496, 511-12 (1982).

requirements, I would vacate the judgment of the district court and remand for further proceedings on Quade's section 1983 due process claims.[2]  Any student suspended from a state university following a potentially specious charge of sexual misconduct should be afforded sufficient due process protections in this important subject matter of campus sexual assault.

---

[2] I agree with the majority's conclusions regarding Quade's state law claims.