*624 MEMORANDUM *
Brent Quade appeals from the district court’s judgment dismissing his action alleging federal and state law claims. Quade sued the Arizona Board of Regents (the governing board of Arizona State University) and four individuals associated with ASU, alleging a violation of due process under 42 U.S.C. § 1983, gender discrimination under Title IX, defamation, false light invasion' of privacy, violation of the right of privacy under the Arizona Constitution, and interference with prospective employment. The district court dismissed all claims against the Board and the university officials on the basis of Eleventh Amendment immunity, the state law claims against the individual defendants for failure to timely file a notice of claim under Arizona law, and the federal claims on the basis of res judicata.[1] We affirm.
1. Background
Quade, an ASU student, was charged and found in violation of the ASU student code of conduct for sexual misconduct, underage drinking, and marijuana use. On the basis of the alleged violations, Dr. Michael Mader, associate dean of students, suspended Quade from ASU for approximately twelve months. After learning of the University’s decision to impose a sanction of suspension, Quade retained counsel and appealed the sanction by requesting a hearing before a university hearing board. Quade and his counsel arrived at the hearing scheduled on March 4, 2014. Upon arrival, Professor Gregory Castle informed Quade’s counsel that only one person could speak at the hearing (Quade or his counsel), and that Quade’s witness would not be allowed to testify because he no longer worked at ASU. Quade alleged that he was denied his right to counsel, his right to testify, his right to present evidence on his own behalf, and that “[tjhere was no hearing.”
A final decision was issued on April 4, 2014, adopting the university hearing board’s determination that Quade had abandoned his appeal and upholding the suspension issued by the dean of students. The determination stated that it was “the final administrative decision of the University” and informed Quade that he could seek judicial revipw of the decision under Arizona Revised Statutes §§ 12-901 through 12-914. Quade did not seek judicial review of the final administrative decision in state court.
2. State Law Claims
The district court properly dismissed Quade’s state law claims against defendants Mader and Castle. Arizona’s notice-of-claim law requires personal service of a notice of claim upon a public employee. See Ariz. Rev. Stat. § 12-821.01(A); see also Falcon ex rel. Sandoval v. Maricopa County, 213 Ariz. 525, 144 P.3d 1254, 1256 (2006) (“Actual notice and substantial compliance do not excuse failure to comply with the statutory requirements of A.R.S. § 12-821.01(A).”). Quade admittedly did not comply with this prerequisite to filing his state law claims against the individual defendants.
Quade contends that equitable estoppel excuses him from having to personally serve a notice of 61aim on defendants. This argument fails for two reasons. First, *625 Quade did not raise this argument in the district court. See Smith v. Marsh, 194 F.3d 1045, 1052 (9th Cir. 1999) (“As a general rule, we will not consider arguments that are raised for the first time on appeal.”). Second, even if we were to consider the merits of equitable estoppel, Quade did not allege conduct on the part of either individual defendant that prevented him from serving them with notice of his claims. See Gorman v. Pima County, 230 Ariz. 506, 287 P.3d 800, 804-05 (Ct. App. 2012) (elements of equitable estop-pel); see also Santa Maria v. Pac. Bell, 202 F.3d 1170, 1176 (9th Cir. 2000) (equitable estoppel “focuses primarily on the actions taken by the defendant in preventing a plaintiff from filing suit”), overruled on other grounds by Socop-Gonzalez v. INS, 272 F.3d 1176, 1194-96 (9th Cir. 2001) (en banc).
3. Federal Due Process Claim
The Board’s administrative decision has preclusive effect if the Arizona courts would apply claim preclusion, so long as the administrative forum satisfies the fairness requirements of United States v. Utah Construction & Mining Company, 384 U.S. 394, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966). See Miller v. County of Santa Cruz, 39 F.3d 1030, 1032-33 (9th Cir. 1994) (considering whether decisions of a state administrative tribunal are entitled to pre-clusive effect and discussing the Utah Construction factors).
Under Arizona law, “a party’s failure to appeal a final administrative decision makes that decision final and res judica-ta,... This principle applies even to alleged constitutional errors that might have been corrected on proper application to the court which has jurisdiction of the appeal.” Olson v. Morris, 188 F.3d 1083, 1086 (9th Cir. 1999). The Board acted in a judicial capacity and resolved disputed issues of fact properly before it. In analyzing the availability of review in state court, we consider whether Quade had an “adequate opportunity to litigate.” See Misischia v. Pirie, 60 F.3d 626, 630 (9th Cir. 1995) (concluding that the plaintiff “had an opportunity, which he chose not to take, for judicial review, and even for the presentation of evidence in the reviewing court to demonstrate procedural irregularities by the board”); Eilrich v. Remas, 839 F.2d 630, 632 (9th Cir. 1988) (“If an adequate opportunity for review is available, a losing party cannot obstruct the preclusive use of the state administrative decision simply by foregoing [the] right to appeal.” (quoting Plaine v. McCabe, 797 F.2d 713, 719 n.12 (9th Cir. 1986))).
Here, Quade does not dispute that the Arizona Board of Regents had a written policy for student disciplinary proceedings and that he could have appealed the Board’s decision to the state superior court. See Ariz. Rev. Stat. §§ 12-901-14; see also Ernst v. Ariz. Bd. of Regents, 119 Ariz. 129, 579 P.2d 1099, 1101 (1978) (“The Arizona Board of Regents is an agency subject to Arizona’s Administrative Review Act.”). In addition to review by the state superior court, Arizona Revised Statute section 12-913 provides for direct appellate review by the Arizona Supreme Court of any superior court decision arising from an action for review of an administrative agency decision. See Ariz. Rev. Stat. § 12-913. Given the available judicial review provided for by Arizona law, the state forum as a whole provided the parties “an adequate opportunity to litigate.”[2] Miller, 39 F.3d at 1033.
*626 Although Quade alleges that there was “no hearing” before the Board in his ease, there was a final administrative decision issued following Quade’s decision not to participate in March 4, 2014 hearing, and Quade did not appeal from the "University’s final decision. As a result, the university’s allegedly unfair decision is now final and Quade’s due process claim is barred—despite the alleged infirmities of the. process Quade received—because Quade took no steps to have the Board’s decision corrected through the university’s rehearing process or in state court. Accordingly, we conclude that the district court properly dismissed Quade’s due process claim on the basis of res judicata.[3]
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

. Quade does not challenge the district court’s determination that his claims against the Board and its officers are barred by Eleventh Amendment immunity. Thus, only Quade’s claims against Castle and Mader in their individual capacities are before the panel.

. We also note that Quade did not pursue an administrative rehearing through the procedures set out by Arizona Board of Regents Policy 5-403(G)(l).

. Quade has waived any arguments relating to the alleged violation of Title IX by not raising any arguments with respect to that claim on appeal. See Smith, 194 F.3d at 1052.